UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ANGEL CHERIE JENSEN,<br><br>               Plaintiff,<br><br>vs.<br><br>BANNOCK COUNTY SHERIFF'S<br>DEPARTMENT,<br><br>               Defendants. | Case No. 4:19-cv-00039-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY<br>SCREENING JUDGE** |

The Complaint of Plaintiff Angel Cherie Jensen was conditionally filed by the Clerk of Court due to Plaintiff's status as an inmate and her request for in forma pauperis status. (Dkt. 1, 3). In the Initial Review Order, the Court ordered Plaintiff to file an amended complaint to correct deficiencies in the complaint if she desired to proceed. (Dkt. 7.) Plaintiff has filed a letter, which the Court will accept as a supplement to her Complaint. (Dkt. 12.)

In the Complaint, Plaintiff asserts that her Fourth and Fourteenth Amendment privacy rights were violated by the following allegations:

> On 1/19/19 around 5 pm Deputy Allen, Deputy Shie, Deputy Luce, Deputy Hughes, Deputy Call, Julie Gulberson all restrain me in booking area at the Bannock County Jail shower area. Deputy Hughes and Deputy Luce hold me down while I'm handcuffed while Deputy Call brings Deputy Allen scissors to cut off my jumpsuit. Deputy Allen removes my boxer,

> Deputy Luce and Hughes stand me up. Deputy Allen and Julie Gulberson
> slide my panties half down my thigh and remove contraband from my
> vagina.

(Dkt. 1, p. 3 (verbatim)). Plaintiff seeks monetary damages from Defendant Bannock County Sheriff's Department.

In her supplement, Plaintiff clarifies that Deputy Allen is a female, and Sergeant Hughes is a male. Deputy Gulberson inserted her thumb and index finger into Plaintiff's vagina and removed a "bullet shaped package of methamphetamine and musnex [sic] pills." (Dkt. 12, pp. 1-2.) Plaintiff states that, while the incident was occurring, she repeatedly requested that no male officers be present, that she was uncomfortable, that the officers were violating policies and procedures, and that the officers in authority were acting negligently and unprofessionally. *Id.*, p. 2.)

The United States Supreme Court has held that whether a search is reasonable under the Fourth Amendment requires a case-by-case "balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). In its analysis the Court is required to consider four factors: (1) "the scope of the particular intrusion," (2) "the manner in which it is conducted," (3) "the justification for initiating it," and (4) "the place in which it is conducted." *Id.* (citations omitted). In *Wolfish*, the Court held that the practice of visual body-cavity searches of inmates after contact visits with persons from outside the institution did not violate any constitutional guarantee. *Id.* at 559-60.

In *Florence v. Board of Chosen Freeholders of County of Burlington*, 566 U.S. 318 (2012), the United States Supreme Court again addressed the issue of intrusive body

searches in jail, this time in the context of pretrial detainees arrested for minor offenses: "Experience shows that people arrested for minor offenses have tried to smuggle prohibited items into jail, sometimes by using their rectal cavities or genitals for the concealment." *Id.* at 337. In *Florence*, the Court again held that the search procedures—which included a visual inspection of body cavities—"struck a reasonable balance between inmate privacy and the needs of the institutions." *Id.* at 339.

In *Byrd v. Maricopa County Sheriff's Department*, 629 F.3d 1135 (2011)(en banc), the United States Court of Appeals for the Ninth Circuit held that a "*cross-gender* strip search of Byrd was unreasonable as a matter of law" where the female officer touched "Byrd's inner and outer thighs, buttocks, and genital area with her latex-gloved hand through very thin boxer shorts," and "moved his penis and scrotum in the process of conducting the search." *Id.* at 1142 (emphasis added).

While Plaintiff has not alleged that a male touched her during the body cavity search, she has alleged that a male was present and that she asked that he be removed from the setting, but was not removed. The Court will liberally construe these additional allegations to state a claim. However, Plaintiff's pleadings need additional amendment to name correct defendants. She has not stated a claim against the only named defendant, the Bannock County Sheriff's Office. *See Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978) ("a municipality [or entity] can be found liable under § 1983 only where the municipality [or entity] itself causes the constitutional violation at issue.") *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). There are insufficient allegations that the

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE  - 3**

incident occurred as a result of a government policy or practice, rather than the individual decision-making of the state actors involved.

Given the serious allegations in the Complaint and the difficulty of conducting discovery on one's own claims of privacy violations against a state official, the Court finds it appropriate to ask the Court's Pro Se Pro Bono Coordinator to attempt to find pro bono counsel for Plaintiff. If counsel agrees to represent Plaintiff, she shall not contact counsel, but wait for counsel to contact her. Plaintiff should continue to search for counsel herself, whether that be a representation on a contingency basis or a private pro bono appointment.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's request for appointment of counsel (contained in the Complaint) is GRANTED. The Clerk of Court shall provide a copy of this Order to the Court's Pro Se Pro Bono Coordinator for further action.

2. An Amended Complaint shall be filed on Plaintiff's behalf within **60 days** after counsel has been appointed.

DATED: December 16, 2019

B. Lynn Winmill
U.S. District Court Judge